# IN THE COURT OF APPEALS OF IOWA

No. 22-1109
Filed August 31, 2022

**IN THE INTEREST OF A.B. and J.S.,**
**Minor Children,**

**U.B., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Lynn Poschner, District

Associate Judge.


        A father appeals the termination of his parental rights.  **AFFIRMED.**


        Karen A. Taylor of Taylor Law Offices, P.C., Des Moines, for appellant

father.

        Thomas J. Miller, Attorney General, and Diane Murphy Smith, Assistant

Attorney General, for appellee State.

        Judy Johnson of JDJ Law Firm PLLC, Des Moines, attorney and guardian

ad litem for minor children.


        Considered by Bower, C.J., and Tabor and Greer, JJ.

**BOWER, Chief Judge.**

A.B., born in September 2019, and J.S., born in March 2021, came to the attention of the Iowa Department of Human Services (DHS) in June 2021 after their half-sibling, Z.B., was taken to the hospital and found to have six new rib fractures, several healing rib fractures, a subdural hematoma, a liver contusion, and healing leg fractures. A DHS child-abuse assessment was founded listing the father as the perpetrator. The mother of A.B. and J.S. and the mother of their half-sibling both alleged the father was violent with them. The mother of A.B. and J.S. obtained a domestic-abuse protective order on September 1, 2021.

On October 14, the children were adjudicated children in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(b) and (6)(c)(2) (2021). In removing the children from the father's custody, the court found:

> Z.B.'s life was placed at risk by the care he received with his parents. Given the evidence as a whole the court finds that at this time that [A.B.] and [J.S.] are safe in [their mother's] custody, with supervision from DHS and juvenile court. [The father's] ongoing contact with [A.B.] and with [the mother] places [A.B.] and [J.S.] at risk of harm.[1] It is not known if the parents will respect and follow the no contact order.

A November 16 dispositional order noted the father was in jail due to a probation violation and A.B.'s therapist had expressed concern about the child's contact with the father. The juvenile court granted concurrent jurisdiction to allow the district court to hear custody and visitation issues.

On April 5, 2022, a petition to terminate the father's rights was filed.[2]

---

[1] There was a custodial order that provided the father with visitation with A.B. The father denied paternity of J.S.

[2] In separate juvenile court proceedings, the father's rights to Z.B.—just one week older than J.S.—were terminated. The father maintained he was not responsible

After a hearing, a May 9 dispositional review order provided:

> The children shall remain out of their father's custody. Placement outside their father's home is necessary because continued placement in or a return to their father's home would be contrary to the children's welfare due to [the father]'s current incarceration, violation of probation orders including an order to attend inpatient treatment . . . , violation of no contact order, and failure to address the issues that led to removal and adjudication.

On May 20, a combined permanency and termination of parental rights hearing was held. On June 16, the juvenile court terminated the father's parental rights to A.B. and J.S. pursuant to Iowa Code section 232.116(1)(b), (d), and (h) (2022).[3]

The father appeals, contending there is not clear and convincing evidence on any ground for termination. He also asserts termination is not in the children's best interests and is not necessary because the children are in the custody of a relative. We review of termination-of-parental-rights proceedings de novo. *See In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).

*Ground for termination.* We use a three-step analysis to review termination of parental rights. *Id.* In the first step, we determine if any ground for termination exists. *Id.* "[W]e may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). "Section 232.116(1)(h) provides that termination may be ordered when there is clear and convincing evidence that a child under the age of three who has been adjudicated a CINA and removed from the parent['s] care for

---

for the child's injuries but was one of three people in whose care the child had been.

[3]The State also sought termination under section 232.116(1)(i), but the court found that ground had not been proved.

at least the last six consecutive months cannot be returned to the parent['s] custody at the time of the termination hearing." *Id.* The father concedes the children are under the age of three, have been adjudicated CINA, and have been out of his custody for the last six consecutive months. The father's own testimony proves the children could not be returned to him at the time of the termination hearing because he had just arrived at Oakdale Classification Center to begin a six-and-one-half-year indeterminate term of imprisonment. He testified:

> Q. Can you acknowledge that as we sit here today, you are not able to resume custody of [your children]? A. Yes.
> Q. Do you acknowledge that it's going to be several months until you're in a place to be able to resume custody of your children? A. Yes.
> Q. Do you think that there's any work that you need to do to get some stability for yourself before you'd be able to parent these two small children? A. Yes.

A ground for termination thus exists.

*Best-interest framework.* We next "apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights." *Id.* at 707. We "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2).

The father denies any accountability for the children's out-of-home placement, though he acknowledges his use of marijuana has led to substantial disruption in their lives. It is clear the father has spent a considerable amount of time out of the community, which has deprived him of the ability to take advantage of the services offered to him. He admits he must work on stability in his life before

he can safely parent children. But "we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). "[O]ur legislature has carefully constructed a time frame to provide a balance between the parent's efforts and the child's long-term best interests. We do not 'gamble with the children's future' by asking them to continuously wait for a stable biological parent, particularly at such tender ages." *D.W.*, 791 N.W.2d at 707 (internal citations omitted).

*Permissive exceptions.* Finally, "if the statutory best-interest framework supports termination of parental rights, [we] must consider if any statutory exceptions set out in section 232.116(3) should serve to preclude termination of parental rights." *Id.*

The father asserts he and A.B. had a strong bond before he was incarcerated and, because the children remain in the custody of their mother, termination of his parental rights is not necessary. The father notes he is only twenty-one years old and has been nervous and scared while parenting. He concedes any bond he had with A.B. has been weakened by his absence and acknowledges he has no bond with J.S.[4] He states he intends to take advantage of parenting classes and substance-abuse treatment available to him in the correctional system: "I want to have an actual chance to be in the community and take the classes that you guys want me to take."

---

[4] The father he acknowledged missing "a chunk of [his daughter's] life," but he believed she still knew who he was.

We hope for the father's sake he does take advantage of whatever programming may be available to him to improve his stability and chance of success when he is discharged.  Section 232.116(3)(a) authorizes the juvenile court to forego termination when "a relative has legal custody of the child."  The exceptions are "permissive, not mandatory," *In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018), and we find it should not be applied here.  We affirm the termination of the father's parental rights to A.B. and J.S.

**AFFIRMED.**